Filed 10/19/20  P. v. Johnson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL MURRY JOHNSON,<br><br>Defendant and Appellant. | F079421<br><br>(Super. Ct. No. F14908082)<br><br><br>**OPINION** |

-----

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly A. Gaab, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

-----

[*]     Before Poochigian, Acting P.J., Franson, J. and Smith, J.

Appointed counsel for defendant Michael Murry Johnson asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no supplemental brief from defendant. Rather, defendant submitted a petition for writ of habeas corpus, and subsequently confirmed that he wished that submission to be filed as a new case.[1] Finding, relevant to this appeal, no arguable error that would result in a disposition more favorable to defendant, we affirm.

Following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In the early morning hours of August 24, 2014, Leonard G. was fatally shot outside a social hall in Fresno, California, and Earl P. was shot and wounded.[2] The shooting occurred after altercations between Leonard and defendant inside the social hall and, later, outside of that facility. A witness identified defendant as the shooter. Although the identity of the shooter was disputed at trial, a jury convicted defendant of the first degree murder of Leonard (Pen. Code, § 187, subd. (a);[3] count 1), and the attempted murder of Earl (§§ 664/187, subd. (a); count 2). As to each count, the jury found true a firearm enhancement pursuant to section 12022.53, subdivision (d). Defendant admitted he had suffered a prior strike conviction. (§§ 667, subds. (b)–(i) & 1170.12, subds. (a)–(d).) At sentencing, the court denied defendant's request to strike the

---

[1] *In re Michael M. Johnson on Habeas Corpus*, case No. F080603.

[2] The facts regarding the underlying crimes and procedural history are summarized from our prior nonpublished opinion in *People v. Johnson* (Dec. 19, 2018, F074340, mod. on rehg. den. Jan. 16, 2019) at pages 1–3 (*Johnson*). Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

[3] Subsequent statutory references are to the Penal Code.

strike prior.  (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)  Defendant was sentenced to an aggregate sentence of 114 years to life, which included two 25-year terms for the firearm enhancements.

Defendant appealed and this court affirmed the judgment in an unpublished opinion filed on December 19, 2018.  (*Johnson*, *supra*, F074340, at pp. 1, 28.)   However, defendant filed a petition for rehearing in which he asked this court to remand the matter for the trial court to consider whether to exercise its discretion to strike the firearm enhancements pursuant to section 12022.53, subdivision (h), which recently had been amended by Senate Bill No. 620 (2017–2018 Reg. Sess.).  (*Johnson*, at p. 2.)  This court denied the petition, but modified its opinion by remanding the matter for the limited purpose of allowing the court to exercise its sentencing discretion on the firearm enhancements.  (*Id*. at pp. 1, 28.)

On remand, defendant requested the court exercise its discretion to strike his firearm enhancements.  He also asked the court to reconsider the entire sentence, to exercise its discretion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike his prior strike conviction, and to impose concurrent sentences.  The court denied the motion to strike the firearm enhancements based on the nature of the crimes and defendant's prior criminal history.  The court noted that defendant had demonstrated neither reform nor remorse, and that he presented a significant danger to the community. The court declined to reach defendant's other resentencing requests on the ground they were not properly before the court.  The court ordered defendant's previous sentence to remain in effect.

This timely appeal followed.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.